IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

__Luis A. Rios, Jr., Pro Se_____, Plaintiff

v.

__FNU Redding_____,

__FNU Simms_____,

__FNU Jones_____,

_____, Defendant(s).

**FILED**
UNITED STATES DISTRICT COURT
DENVER COLORADO

JUN 16 2020

JEFFREY P. COLWELL
CLERK

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

# PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Luis A. Rios, Jr., #68647-018, P.O. Box 350, PAU, FCI Beckley, Beaver, WV 25813
(Name, prisoner identification number, and complete mailing address)

N/A
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

- ___ Pretrial detainee
- ___ Civilly committed detainee
- ___ Immigration detainee
- ___ Convicted and sentenced state prisoner
- ✓ Convicted and sentenced federal prisoner
- ___ Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: FNU Redding, SIS Technician, FCI Florence, CO
(Name, job title, and complete mailing address)

5880 Highway 67 South, Florence, CO 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

The above Named Defendant is/was a SIS Technician Correctional Officer employed at FCI Florence, CO 81226

Defendant 1 is being sued in his/her ✓ individual and/or ___ official capacity.

2

Defendant 2: **FNU SIMMS, SIS Technician, FCI Florence, CO**
(Name, job title, and complete mailing address)
**5880 Highway 67 South, Florence, CO 81226**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

**The above-named Defendant is/was a SIS Technician Correctional Officer employed at FCI Florence, CO 81226**

Defendant 2 is being sued in his/her ✓ individual and/or ___ official capacity.

Defendant 3: **FNU JONES, SIS Technician, FCI Florence, CO**
(Name, job title, and complete mailing address)
**5880 Highway 67 South, Florence, CO 81226**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

**The above-named Defendant is/was a SIS Technician Correctional Officer employed at FCI Florence, CO 81226**

Defendant 3 is being sued in his/her ✓ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___ 42 U.S.C. § 1983 (state, county, and municipal defendants)

✓ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

✓ Other: (*please identify*) **28 U.S.C. Section 1331**

### D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: "Deliberate indifference" of Defendants to protect Plaintiff Rios, a documented transgender, from excessive risk

Supporting facts:

of serious harm after notifying the Defendants verbally and in writing he sought protective custody in his zealous efforts to prevent being sexually assaulted or raped by other inmates at FCI Florence, CO.

1). Federal Bureau of Prisons transportation log records will reveal Plaintiff/Inmate Luis A. Rios, Jr. arrived at FCI Florence, CO on May 31, 2019. In July/August of 2019 Plaintiff Rios proceeded to advise an unknown correctional officer he was being "extorted" for sexual favor by other inmates and subsequently requested protective custody. Thereupon, said officer provided Plaintiff Rios with a five (5) page form to complete describing the specific circumstances. Upon the completion of said questionnaire Plaintiff was escorted to the Special Housing Unit (SHU) where he remained for thirty (30) days.

2). After spending approximately twenty-five (25) days in the SHU in "protective custody," an interview commenced

4

between Plaintiff Rios and Defendants SIS Technicians Redding, Simms and Jones. Regrettably, these Federal Bureau of Prisons employees (correctional officers) egregiously failed in their professional responsibilities and duties when neglecting to adequately comprehend and realize the seriousness of the situation when "forcing" Plaintiff Rios to go back to the FCI Florence general population where he was being extorted after spending thirty (30) days in the SHU;

(2) Plaintiff Rios made it abundantly clear when being interviewed by Defendants Redding, Simms and Jones that he was willingly, albeit involuntary, to commit and perform sexual acts in order to avoid being physically assaulted by various inmates. Nonetheless, Defendants Redding, Simms and Jones persisted in returning Plaintiff Rios to the general population, against his adamant protests;

(3) The Defendants, in a concerted effort during the interview with Plaintiff Rios humiliated, degraded and disparaged Plaintiff for being a transgender inmate, a Muslim and for having tatoos;

(4) The Defendants openly conspired to omit pertinent and relevant facts concerning Plaintiff Rios' sexual

4(a)

orientation as a "transgender" and went so far as to laugh and make jokes regarding the contents of the official report submitted to Federal Bureau of Prisons supervisors;

(5) After being "forced" to return to the FCI Florence general population by Defendants Redding, Simms and Jones, Plaintiff Rios was sexually assaulted by inmate Von White. After being placed in the SHU under "protective custody," FCI Florence correctional officers presented Plaintiff Rios with the same five (5) page form (questionnaire) to fill out and sign regarding the sexual assault. Moreover, if Plaintiff Rios refused or failed to sign said questionnaire, he (Rios) would be returned to general population, and sexually assaulted AGAIN.

(6) Distraught and anguished over the Defendant's inexcusable failure to protect Plaintiff from sexual predators, Plaintiff Rios blatantly fondled himself to ensure he would not be returned to the general population where he would be sexually assaulted once again;

(7) On 12-26-2019, I was provided BOP Form BP-8 while lunch was being served in the SHU.

4(b)

Moreover, Plaintiff Rios' primary reason for requesting an Informal Resolution (BP-8) was to submit and file a proper complaint against the aforesaid Defendant's for their intentional, knowing, malicious and willful neglect when purposefully failing to conduct an appropriate, and more importantly, a requisite and necessary investigation into Plaintiff's meritorious PREA claim that occurred during the months of July and August of 2019. Clearly frustrated, perplexed and frightened at the consequences of filing the BP-8, Plaintiff imprudently elected not to file the Informal Resolution and was questionably sent back to the FCI Florence, Colorado general population;

(8) On 1-2-2020, at approximately 13:00 hours, Plaintiff had a change of heart and decided to file the previously discussed Informal Resolution (BP-8) grievance. Counselor Arguiello brought the BP-8 form to Plaintiff, thereupon, stated his (Rios) grievance/complaint and returned same to Counselor Arguiella seeking an amicable solution;

(9) On 1-9-2020, Case Manager Smith and Counselor Arguiello provided Plaintiff Rios with another

4 (c)

Informal Resolution (BP-8) complaint/grievance as well as a "sensitive" Request For Administrative Remedy (BP-9). Subsequently, Plaintiff Rios completed both grievance/complaint form(s) indisputably stating his warranted, legitimate, valid and justified "sexual abuse" imputation to Bureau of Prisons on 1-9-2020;

(10) On 1-24-2020, Plaintiff Rios questioned Counselor Arguiello about any "copies" that would be available to him (Rios) with respect to the grievances filed on 1-9-2020 explicitly addressing Plaintiff's concerns why Defendants Redding, Simms, and Jones inexcusably failed to initiate and conduct a timely, rational, plausible and legitimate PREA investigation of the sexual assault(s), extortion, threats of bodily harm to Plaintiff Rios by unrevealed inmates during the time frame July thru August of 2019;

(11) On 1-31-2020, at approximately 12:30 hours, Case Manager Smith unexpectantly arrived at Plaintiff Rios' cell (B-230) in S.H.U. Reason being, the delivery of Remedy ID Number: 1004288-F1, Date Received: January 13, 2020, Response Due: February 2, 2020, Subject One: PREA Sexual Abuse by Inmate; Remedy Inmate ID Number: 104411-F1, Date Received:

4(d)

January 16, 2020, Response Due: February 5, 2020, Subject One: Transgender General Issues;

(12) On 2-1-2020, Counselor Arguiello returned yet again to cell B-230 in the SHU. Counselor Arguiello commenced to advise Plaintiff Rios he had in fact spoken to Case Manager Smith concerning his specific situation with respect to the incurred sexual assault(s), extortion, threats of bodily harm and "forced sexual acts" imposed upon him (Rios) by various inmates;

(13) On 2-2-2020, Counselor Lewis visited with Plaintiff Rios in the SHU and provided Rios with an Inmate Sentencing Computation Sheet. Counselor Lewis also took this opportunity to discuss and explain various aspects of my (Rios') "new" computation sheet and the First Step Act. Moments before Counselor Lewis took her leave from the SHU, Plaintiff Rios inquired about his (Rios) Administrative Request Receipts containing his grievances. Counselor Lewis promptly advised Rios the "first" response was due to be answered on 02-02-2020 (Sunday) with the "second" grievance response due on 02-05-2020. Counselor Lewis politely assured Plaintiff Rios she (Lewis) would check into the problem and return on 02-07-2020 (Friday) with a valid answer.

4 (e)

(14.) Importantly, on 02-12-2020 at approximately 2:00 pm, Counselor Arguiello appeared again at Plaintiff's cell door. The primary reason for this visit was to deliver Rios with a Memorandum For: Regional Office, Administrative Remedy pertaining to the two (2) previously submitted grievances in Case Numbers 1004288-F1 and and 1004411-F1. Plaintiff Rios was warily satisfied with the response contained in Case Number 1004411-F1. Nonetheless, Plaintiff Rios expressed his dissatisfaction and displeasure with the response stated in Case Number 1004288-F1 and wanted to appeal a response. This was the Administrative Remedy Request grievance/ complaint in which the Defendants, Redding, Simms and Jones deliberately, maliciously and with brazen aforethought failed to investigate, probe or search Plaintiff Rios' factual PREA claim that occurred during the months of July and August of 2019.

(15.) Curiously enough, Counselor Arguiello provided Plaintiff Rios with the above-described documents, nevertheless, egregiously failed in his professional responsibility and duties as a BOP correctional counselor to advise, tutor, instruct, educate or enlighten Plaintiff Rios as how to prepare and complete or file the necessary documents in order to "perfect" the administrative remedy appeal process.

4 (f)

(16) On 02-14-2020, Counselor Arguiello and Case Manager Smith both appeared at Plaintiff Rios' cell in the SHU. On this specific date and time, Plaintiff specifically either Arguiello or Smith provide Plaintiff with BOP Form-230(13). Thereupon, Counselor Arguiello readily complied with Rios' request. Afterwards, Case Manager Smith advised Plaintiff Rios he would be leaving FCI Florence, CO on the next transfer bus to another BOP facility;

(17) Significantly, BOP correctional prison officials such as Defendants Redding, Simms and Jones who have callously failed to take preemptive action with respect to reported, known, realized and documented sexual assault(s), or patterns of sexual assault that they have been informed about, can be and should be found "deliberately indifferent." See Johnson v. Johnson, 385 F.3d 503, 526-27 (5th Cir. 2004); Spruce v. Sargent, 149 F.3d 783, 785-86 (8th Cir. 1998); LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993); Withers v. Levine, 615 F.2d 158, 161 (4th Cir. 1980).

(18) Courts have acknowledged in numerous cases that transgender (transsexual) prisoners such as Plaintiff Rios are at a particular risk for sexual assault, and that prison officials can be held liable

4 (g)

based on their knowledge of those risks. See Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994); see also Green v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004); Taylor v. Michigan Dept. of Corrections, 69 F.3d 76, 84 (6th Cir. 1995); Butler v. Dowd, 979 F.2d 661, 667 (8th Cir. 1992); Redman v. County of San Diego, 942 F.2d 1435, 1448 (9th Cir. 1991)(en banc); Vosburg v. Solem, 845 F.2d 763, 766 (8th Cir. 1988).

(19) In addition, Defendants Redding, Simms and Jones outrageous failure to properly "re-classify" or "classify" Plaintiff Rios after having been sexually assaulted which led to Rios having been "forced" to perform undesired, unsought and unwelcome "sexual acts" on other prisoners out of unbridled fear of bodily injury or even death. Defendants Redding, Simms' and Jones' iniquitous, unscrupulous and contemptible inactions, after being properly notified of Plaintiff Rios' sexual assault(s) at FCI Florence, Colorado created a pervasive risk of future harm. See Velez v. Johnson 395 F.3d 732, 736 (7th Cir. 2005); Santiago v. Lane, 894 F.2d 218, 223 (7th Cir. 1990).

4 (h)

E. **PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ✓ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): NONE

Docket number and court: N/A

Claims raised: N/A

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) N/A

Reasons for dismissal, if dismissed: N/A

Result on appeal, if appealed: N/A

F. **ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

___ Yes ✓ No (*check one*) I, Plaintiff Rios, initiated the Administrative Remedy process at F.C.I Florence, CO on January 13, 2020, Case Number 1004288-F1 and subsequently submitted an appeal to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Kansas City, Kansas. 66101-2492. However, I have yet to be answered

G. **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

The inactions of Defendants Redding, Simms and Jones when failing to take appropriate and necessary action when being verbally informed and in writing of a sexual assault, extortion for sexual satisfaction and the threat of bodily injury upon Plaintiff Rios should have immediately resulted in an extensive, comprehensive and exhaustive PREA investigation by the defendants. Unfortunately, the true nature of Plaintiff's sexual assault was repressed, concealed or

H. **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Luis Q. Rios JR*
(Plaintiff's signature)

5-21-2020
(Date)

(Form Revised December 2017)

and hidden by said defendants in their collective and concerted efforts to "cover-up" and stonewall the perverted and odious events resulting in the sexual assault(s) of Plaintiff Rios. This alarming and consequential information, documented facts and first-hand account was for some inexplicable reason excluded and withheld from official federal government and Bureau of Prison reports or descriptions to the defendants superiors at FCI Florence, CO in an attempt to further conceal, enshroud and incomprehensibly obscure the illegal and abominable actions of sexual inmate predators incarcerated at FCI Florence, CO.

Obviously, the question which begs to be answered by defendants Redding, Simms, and Jones is "why" did they nefariously disregard, ignore and impudently fail to conduct or adequately investigate a PREA complaint or supervise an inquisition into the allegations of Plaintiff Rios which by all accounts were justified, truthful and contain merit.

WHEREFORE, Plaintiff Rios requests that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

6(a)

1. Defendants Redding, Simms and Jones deliberately failed in their professional duties as federal BOP correctional officers to suppress, hinder or restrict the sexual assault or physical abuse of federal prisoners violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted a rape, sexual assault and an assault and battery under state and federal law.

2. Defendants Redding, Simms' and Jones' failure to conduct a meaningful and portentous PREA investigation at FCI Florence, CO encompassing the sexual assault of Plaintiff Rios during the months of July and August of 2019 violated the rights of Plaintiff Rios under the Due Process Clause of the Fifth & Fourteenth Amendment to the United States Constitution.

B. Award compensatory damages in the following amounts:

1. $500,000 jointly and severally against

6(b)

defendants Redding, Simms and Jones for the physical and emotional injuries sustained as the result of Plaintiff's sexual assaults and assault and battery.

2. $75,000 jointly and severally against the defendants Redding, Simms and Jones for the humiliation, disgrace, shame, ridiculing, degradation and emotional injury resulting from the denial of due process in connection with the valid PREA claim and requisite investigation that never came to fruition.

C. Award punitive damages in the following amounts:

1. $50,000 each against defendants Redding, Simms and Jones.

D. Grant such other relief as it may appear that Plaintiff Rios is entitled.

6 (c)

Respectfully submitted,

*Luis A. Rios Jr*
Luis A. Rios, Jr., Pro Se
Reg. No. 08647-018
P.O. Box 350 Pine A/U
F.C.I. Beckley
Beaver, WV 25813

6(d)