**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01775-MEH

LUIS A. RIOS, JR.,

    Plaintiff,

v.

FNU REDDING,
FNU SIMMS, and
FNU JONES,

    Defendants.

---

**MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**

---

There is no genuine dispute that plaintiff Luis Rios, a federal inmate, did not complete the mandatory exhaustion process for any claim he raises in this lawsuit.[1] The Court should enter judgment in favor of Defendants on all claims.

**RIOS HAS NOT COMPLETED THE MANDATORY EXHAUSTION PROCESS**

**I.    Legal standards**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e)(a). As the Supreme Court has held, the PLRA directs that "unexhausted claims cannot be brought in court." *Jones v. Bock*, , 211 (2007). The PLRA's exhaustion requirement "suggests no limits on an inmate's obligation to exhaust—irrespective of

---

[1] Defendants submit this motion contemporaneously with their motion to dismiss. This motion presents a separate and independent basis to dispose of this lawsuit.

any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). The BOP bears the burden to prove the affirmative defense of failure to exhaust administrative remedies. *See Jones*, 549 U.S. at 212. The exhaustion requirement applies to all suits regarding prison life, whether they challenge general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Supreme Court has held that inmates are required to strictly adhere to the prison's rules for administratively exhausting their grievance. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). Requiring such proper exhaustion "provide[s] prisons with a fair opportunity to correct their own errors." *Id*. Exhaustion "affor[ds] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* (emphasis added); *see also Kikumura v. Osagie*, 461 F.3d 1269, 1283 (10th Cir. 2006) (grievance complaining of the alleged wrong must provide the prison with "a fair opportunity to consider the grievance" and also must enable prison officials to "tak[e] appropriate measures to resolve the complaint internally").

An inmate must present his grievance by means of the BOP's four-step administrative remedy program. 28 C.F.R. §§ 542.10–542.19; *see also* Declaration of Cassandra Grow, Ex. 1 ¶ 3 (describing the steps of the program). In Step 1, the inmate must attempt informal resolution of his complaint with the appropriate BOP staff member by filing an Informal Resolution Form ("BP-8"). 28 C.F.R. § 542.13. If no resolution is achieved, the inmate must file an Administrative Remedy Request ("BP-9") within 20 calendar days of the event giving rise to the

grievance. *Id.* § 542.14. If the inmate is not satisfied with the outcome at Step 2, he must file an appeal ("BP-10") to the Regional Director within 20 days. *Id.* § 542.15(a). If the Step 3 appeal is unsuccessful from the inmate's perspective, he must file an appeal ("BP-11") to the General Counsel of the BOP within 30 days. *Id.* § 542.15(a). The General Counsel has 40 days to respond to the BP-11 appeal, and may extend the response time by 20 days. *Id.* § 542.18. A remedy is not exhausted until an inmate has properly and timely sought review at the institutional, Regional, and Central Office levels of the administrative remedy process. Ex. 1 ¶ 4.

A remedy request or appeal may be rejected at any level. 28 C.F.R. § 542.17(a). A rejected grievance does not satisfy that level of the administrative remedy program. *See*, *e.g.*, *Smith v. Fed. Bureau of Prisons*, 406 F. App'x 578, 581 (3d Cir. 2011) (finding that, by failing to refile rejected grievances, prisoner failed to exhaust his administrative remedies before bringing suit in federal court); *Garrett v. DeRosa*, No. Civ.A. 05-157, 2006 WL 561957, at *8 (D.N.J. Mar. 2, 2006) (finding that inmate had not received "an extension of time within which to file conforming Requests related to the substance of his earlier rejected grievance," and therefore had "failed to exhaust his administrative remedies").

Importantly, an inmate must complete the mandatory exhaustion process *before* filing his claim in court. *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) ("Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency."). The Tenth Circuit has made clear that "[a]n inmate is not permitted to complete the administrative exhaustion process *after* he files suit." *Snyder v. Harris*, 406 F. App'x 313, 317 (10th Cir. 2011) (emphasis in original). An "inmate who begins the grievance process but does

3

not complete it is barred from pursuing a … claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Here, Defendants have shown that "there is no genuine dispute as to any material fact and the [defendants are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On this record, Rios will not be able to meet his burden to establish the existence of specific, material fact disputes concerning his failure to comply with the mandatory administrative remedy process. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**II.     Statement of Undisputed Facts.**

  **A.     Rios's claims.**

  1. Rios, a federal inmate, checked himself into protective custody at the Federal Correctional Institution in Florence, Colorado ("FCI Florence") in July 2019. ECF No. 1 ¶ 1.

  2. Rios alleges that Defendants, who are investigators in the Special Investigative Services Department at FCI Florence, conducted a protective-custody interview of him. *Id.* ¶ 2.

  3. In August 2019, Defendants allegedly "forced" Rios to return to a general-population housing unit, where he was subsequently sexually assaulted by an inmate. *Id.* ¶¶ 2-5.

  4. Based on these allegations, Rios brings two claims: (1) an Eighth Amendment claim alleging deliberate indifference to his safety, *id.* at p. 4, and (2) a procedural-due-process claim under the Fifth Amendment, alleging that Defendants failed to conduct an appropriate investigation under the Prison Rape Elimination Act ("PREA"). *Id.* at p. 16.

  **B.     Rios did not exhaust any claim.**

  5. Rios has never completed the exhaustion process for any remedy. *See* Ex. 1 ¶ 12 & Att. 2 (showing a total of four remedy submissions with different remedy numbers, none of

4

which were at the Central Office level).

5. On January 9, 2020, Rios submitted Request for Administrative Remedy No. 1004288-F1, in which he claimed that he was sexually assaulted by another inmate after being interviewed by Defendants. Ex. 1 ¶ 11(a).

6. Rios did not appeal the Warden's response to the remedy to the Regional or Central Office levels and thus did not complete the exhaustion process. *Id.* ¶¶ 11(a), 12 & Att. 3 (showing only an institution-level remedy and response).

7. On January 31, 2020, Rios submitted Administrative Remedy No. 1005746-R1 to the BOP's Western Regional Office located in Stockton, California. *Id.* ¶ 11(b) & Att. 2, p. 3.

8. The Western Regional Office described the remedy as "PREA?" and rejected it. *Id.* ¶ 11(b) & Att. 2, p. 3.

9. The Western Regional Office noted that it informed Rios that he should "submit [his] appeal to the North Central Region" in Kansas City, Kansas, which covers FCI Florence. *Id.* ¶ 11(b) & Att. 2, p. 3.

10. Because the remedy was rejected, it was returned to Rios without a copy being retained by the BOP. *Id.* ¶ 11(b).

11. After Rios submitted Administrative Remedy No. 1005746-R1 to the wrong Regional Office, he did not resubmit the remedy or file it at the institution level. *Id.* ¶ 12 & Att. 2.

12. Rios has submitted only two other remedies: one at FCI Florence on January 16, 2020, seeking a medication, and one at FCI Beckley on August 19, 2020, concerning a "[Discipline Hearing Officer] Appeal." Ex. 1, Att. 2 at pp. 2-3.

13.     Rios has never exhausted any administrative remedy, including any remedies concerning the claims he raises in this lawsuit.

## CONCLUSION

The Court should enter judgment in favor of Defendants on all claims because they are unexhausted.

Respectfully submitted on October 22, 2020.

                 JASON R. DUNN
                 United States Attorney

                 s/ *Susan Prose*
                 Susan Prose
                 Assistant United States Attorney
                 1801 California Street, Suite 1600
                 Denver, Colorado 80202
                 Tel: (303) 454-0100; Fax: (303) 454-0411
                 Email: susan.prose@usdoj.gov

                 Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

  I hereby certify that on October 22, 2020, I directed that the foregoing document, exhibits referenced therein, and a copy of the unpublished decision referenced therein, be served on the following non-CM/ECF participant in the manner indicated:

  Luis Rios (U.S. mail)
  Reg. No. 68647-018
  FCI Beckley
  Federal Correctional Institution
  P.O. Box 350
  Beaver, WV 25813

  In addition, I hereby certify that I sent the foregoing document and referenced exhibits to BOP attorney Zachary Huffman by email, who will transmit the documents to FCI Beckley for hand-delivery to Plaintiff.

          s/ *Susan Prose*
          Susan Prose
          United States Attorney's Office