IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01775-MEH

LUIS A. RIOS, JR.,

    Plaintiff,

v.

FNU REDDING,
FNU SIMMS, and
FNU JONES,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff Luis A. Rios, Jr. ("Plaintiff") brings claims for violations of the Due Process Clause and the Eighth Amendment in his[1] Prisoner Complaint ("Complaint") against Defendants Redding, Simms, and Jones (collectively, "Defendants"). ECF 1. Defendants concurrently filed a motion to dismiss for failure to state a claim (ECF 31) and a motion for summary judgment for failure to exhaust (ECF 33). Both motions are fully briefed. The Court grants the motion to dismiss for lack of a *Bivens* remedy and denies as moot the motion for summary judgment.

## **BACKGROUND**

The following are the material factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Plaintiff in his Complaint, which are taken

---

[1] Plaintiff identifies as transgender. In his response, he uses the pronoun "he" in referring to himself. ECF 44 at 2 ("A review of the . . . action filed by Plaintiff Rios will reveal he is a transgender inmate."). Thus, the Court will also use that pronoun throughout this Order.

as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At all times relevant to this lawsuit, Plaintiff was an inmate at the Federal Correctional Institution in Florence, Colorado. Plaintiff alleges that he advised an unknown correctional officer that he was being "extorted" for sexual favors by other inmates and requested protective custody. ECF 1 at 4, ¶ 1. The officer gave Plaintiff a form to fill out, after which Plaintiff was transferred to a special housing unit for thirty days. *Id.* After approximately twenty-five days, Defendants interviewed Plaintiff regarding his allegations. *Id.* at 4–5, ¶ 2. Plaintiff asserts that Defendants "egregiously failed in their professional responsibilities" when they "forced" Plaintiff to return to the general population. *Id.* Defendants "humiliated, degraded, and disparaged Plaintiff for being a transgender inmate, a Muslim and for having tat[t]oos." *Id.* at 5, ¶ 3. Following Plaintiff's return to the general population, another inmate sexually assaulted him. *Id.* at 6, ¶ 5. Now, Plaintiff seeks $1,875,000 from Defendants ($625,000 from each) for their deliberate indifference in violation of the Eighth Amendment and failure to conduct a meaningful Prison Rape Elimination Act ("PREA") investigation in violation of the Due Process Clause. *Id.* at 16.

## LEGAL STANDARDS

### I.      Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the

3

mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).  The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Construing the Complaint liberally, Plaintiff asserts *Bivens* claims for violation of his due process rights under the PREA and for deliberate indifference in violation of the Eighth Amendment.  Defendants raise two arguments in their motion to dismiss.  First, they seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy.  Second, they assert the defense of qualified immunity for failure to state a claim.  Defendants have also filed a motion for summary judgment for Plaintiff's alleged failure to exhaust administrative remedies.  Because the Court

4

agrees with Defendants that Plaintiff lacks a *Bivens* remedy, the motion to dismiss is granted without reaching the qualified immunity argument, and Defendants' motion for summary judgment is denied as moot.

**I.      Motion to Dismiss**

Defendants first argue that Plaintiff's claims against them should be dismissed for lack of a *Bivens* remedy. Mot. at 5–12. Plaintiff responds that the Supreme Court has authorized damages claims against federal officials as part of federal question jurisdiction. Resp. at 25. Specifically, Plaintiff cites *Carlson v. Green*, 446 U.S. 14, 18–19 (1980) in support of the notion that the Supreme Court has allowed damages claims for prisoners' Eight Amendment suits. *Id.*

In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has recognized the *Bivens* remedy in only three cases: (1) *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (a Fourth Amendment unreasonable search and seizure claim); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (a Fifth Amendment equal protection claim concerning gender discrimination); and (3) *Carlson*, 446 U.S. at 16 (an Eighth Amendment failure to provide adequate medical treatment claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, - U.S. -, 137 S. Ct. 1843, 1855 (2017).

"[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857. The Supreme Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Id.* (quoting *Corr. Servs. Corp.*, 534 U.S. at 68. "If [a] case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is

new." *Id.* at 1859.  "[E]ven a modest extension is still an extension."  *Id.* at 1864.  A court may consider the following factors in determining whether a case might differ in a meaningful way:

> [T]he rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1860.

Here, Plaintiff's allegations involve a different type of "official action" than those alleged in *Carlson*, *Davis*, and *Bivens*.  Plaintiff's case concerns correctional officials' protective custody investigation, as opposed to an official's medical treatment of an inmate like in *Carlson*, a police officer's arrest of a suspect like in *Bivens*, and a Congressman's actions toward staff in *Davis*.  Moreover, Plaintiff's due process claim involves a different constitutional right from an Eighth Amendment deliberate indifference claim (as in *Carlson*), a Fourth Amendment unreasonable search and seizure claim (as in *Bivens*), and a Fifth Amendment equal protection claim (as in *Davis*).

Although the Supreme Court extended the remedy to deliberate indifference claims under the Eighth Amendment, it did so under different circumstance than here.  In *Carlson*, the Supreme Court extended a remedy for deliberate indifference as to medical needs.  446 U.S. at 16 n.1 (extending remedy when the plaintiff died as a result of the "gross inadequacy of medical facilities and staff . . . [and] the seriousness of [the plaintiff's]" medical conditions).  Unlike *Carlson*, Plaintiff's deliberate indifference claim is based on a failure-to-protect theory.  This District has previously found that failure-to-protect claims constitute new contexts.  *Ajaj v. United States*, No. 15-cv-02849-RM-KLM, 2020 WL 5758521, at *10 (D. Colo. Sept. 28, 2020) (finding no *Bivens* remedy for failure-to-protect claim based on plaintiff's label of a "snitch"); *Abdo v. Balsick*, No.

6

18-cv-01622-KMT, 2019 WL 6726230, *6 (D. Colo. Dec. 11, 2019) (finding failure to intervene claim presents a new context). The Court finds no basis to depart from that reasoning here.

Next, the Court considers whether to extend the *Bivens* remedy in this case. "[A] *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). One special factor is "an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 1858.

Plaintiff has several alternative remedies available. First, he has access to the Bureau of Prisons' ("BOP") Administrative Remedy Program. *See Corr. Servs. Corp.*, 534 U.S. at 74 ("Inmates in respondent's position also have full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy Program."). This District has repeatedly rejected the creation of a new *Bivens* remedy based, in part, on the availability of the BOP's grievance program as an alternative remedy. *See Ajaj v. Fed. Bureau of Prisons*, 15-cv-00992-RBJ-KLM, 2017 WL 219343, at *2–3 (D. Colo. Jan. 17, 2017) ("[F]iling a grievance as part of the BOP's administrative remedy program" is an adequate alternative remedy.); *Lovett v. Ruda*, 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018) ("[G]rievances filed through the BOP's Administrative Remedy Program constitute alternative means of preventing unconstitutional conduct in the prison context.").

Second, Plaintiff may assert a claim through the Federal Tort Claims Act ("FTCA"). *See Turkmen v. Ashcroft*, 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018) (collecting other cases since *Ziglar* declining "to permit *Bivens* claims to proceed because the FTCA provides an adequate alternative remedy"). "[I]f Congress has created 'any alternative, existing process for protecting the [injured party's] interest'[,] that itself may 'amoun[t] to a convincing reason for the Judicial

Branch to refrain from providing a new and freestanding remedy in damages.'" *Ziglar*, 137 S. Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). Third, Plaintiff may seek mandamus. *See* 28 U.S.C. § 1361; *Lovett*, 2018 WL 4659111, at *8–9. The alternative remedy "need not compensate a plaintiff with monetary damages in order to be [an] adequate alternative[ ]." *Ajaj*, 2017 WL 219343, at *3 n.8 (citing *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 862–63 (10th Cir. 2016)).

Finally, specific to the due process claim, "[t]he PREA regulations create an express remedy, through the Office of Inspector General and outside agencies, for prisoners to seek sanctions against individual BOP staff members for mishandling a report of sexual assault." *Shorter v. United States*, 2020 WL 4188455, at *5 (D.N.J. July 12, 2020). With these four alternative remedies, the Court finds an extension of *Bivens* unwarranted.

Furthermore, there are special factors that caution against extending a *Bivens* remedy in this case. Extending the remedy would create "a superfluous way for prisoners to gain relief by suing prison employees individually . . . interfe[ring] with prison management and add to the Court's already heavy burden of prisoner litigation." *Huerta v. Oliver*, 17-cv-00988-RBJ-KLM, 2019 WL 399229, at *17 (D. Colo. Jan. 31, 2019). Additionally, Plaintiff's due process claim involves seeking monetary damages under the PREA when Congress expressly chose not to provide a damages remedy. *See Shorter*, 2020 WL 4188455, at *5 ("Congress opted not to provide a remedy of money damages in [the] PREA."). "[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation" to extend a *Bivens* remedy. *Zigler*, 137 S. Ct. at 1865.

Considering the totality of the factors, including the availability of alternative remedies and other special factors, the Court finds no authority to recognize a *Bivens* remedy as to Plaintiff's claims. Consequently, Plaintiff has no remedy[2] available, so his claims must be dismissed.[3]

## II.     Leave to Amend

Generally, in a case involving a pro se litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Id.* However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

In this case, the Court's ruling to grant the motion to dismiss does not stem from "deficiencies . . . attributable to oversights [in] . . . [Plaintiff's] ignorance of special pleading requirements." *Reynoldson*, 907 F.2d at 126. Rather, despite Plaintiff's allegations, the Court finds, as a matter of law, that a *Bivens* remedy is not available to Plaintiff. There is no "potentially

---

[2] The Court notes that Plaintiff's Complaint includes a request for declaratory judgment. ECF 1 at 15. He does so in the context of his other claims (*i.e.*, Plaintiff wants a declaratory judgment that Defendants violated the Eighth Amendment). To the extent Plaintiff asserts this as a separate claim, the Court finds that equitable relief is not available under a *Bivens* action. *See Davis v. Passman*, 442 U.S. 228, 245 (1979) ("[I]t is damages or nothing.") (citation omitted).

[3] Hence, the Court will not address whether Defendants are entitled to qualified immunity on the Eighth Amendment claim.

curable defect in the plaintiff's allegations," meriting the opportunity for Plaintiff to amend his Complaint. *Stubblefield v. Henson*, No. 92-1045, 1993 WL 55936, at *2 (10th Cir. 1993). Therefore, Plaintiff's claims must be dismissed with prejudice.

### III. Motion for Summary Judgment

Defendants also filed a motion for summary judgment for failure to exhaust administrative remedies. ECF 33. As stated earlier, the Court grants Defendants' motion to dismiss for lack of a remedy. Thus, there is no longer a viable claim against Defendants. Accordingly, Defendants' motion for summary judgment is **denied as moot**.

### CONCLUSION

The Court **grants** Defendants' motion to dismiss [filed October 22, 2020; ECF 31] as follows: dismiss with prejudice Plaintiff's due process and Eighth Amendment claims against Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy. Additionally, Defendants' motion for summary judgment [filed October 22, 2020; ECF 33] is **denied as moot**. Because all claims have been dismissed, the Court directs the Clerk of the Court to close this case.

Entered and dated this 3rd day of February, 2021, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge