**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2022**

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

LUIS A. RIOS, JR.,

    Plaintiff - Appellant.

v.

FNU REDDING; FNU SIMMS; FNU JONES,

    Defendants - Appellees.

---

INSTITUTE FOR JUSTICE; BLACK & PINK NATIONAL; CENTER FOR CONSTITUTIONAL RIGHTS; DEE FARMER; GLBTQ LEGAL ADVOCATES AND DEFENDERS; JUST DETENTION INTERNATIONAL; LAMBDA LEGAL DEFENSE AND EDUCATION FUND; MUSLIM ALLIANCE FOR SEXUAL AND GENDER DIVERSITY; NATIONAL CENTER FOR LESBIAN RIGHTS; NATIONAL CENTER FOR TRANSGENDER EQUALITY; TRANSGENDER LAW CENTER; TRANSGENDER LEGAL DEFENSE & EDUCATION FUND; FORMER CORRECTIONS OFFICIALS,

    Amici Curiae.

No. 21-1060
(D.C. No. 1:20-CV-01775-MEH)
(D. Colo.)

---

# ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BACHARACH**, and **MCHUGH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

Ms. Divinity Rios[1] is a transgender woman housed in a federal prison for males. She requested protective custody after allegedly being forced to perform sexual acts on other inmates. Officials granted the request, transferring Ms. Rios from general population to a special housing unit. Three prison investigators then interviewed Ms. Rios and recommended that she return to the general population. After authorities adopted the recommendation and returned Ms. Rios to the general population, she allegedly suffered another sexual assault.

Without legal representation, Ms. Rios sued the prison investigators, alleging violation of the Eighth Amendment by failing to supply protection. For the asserted violations, Ms. Rios sought money damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

---

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] The caption identifies the plaintiff as Luis A. Rios, Jr. But the plaintiff uses the name "Divinity Rios."

The investigators moved for dismissal, urging qualified immunity and lack of a *Bivens* remedy. The district court granted the motion based on the absence of a *Bivens* remedy, but declined to reach the issue of qualified immunity. We affirm based on qualified immunity, concluding that a concession in the complaint would preclude a finding of deliberate indifference.

I. **We may affirm on an alternative ground that the district court didn't decide.**

We generally do not decide issues that the district court declined to address. *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank*, 222 F.3d 800, 812 (10th Cir. 2000). But we have discretion to affirm on alternative grounds when the record is adequate. *United States v. Nelson*, 868 F.3d 885, 891 (10th Cir. 2017). In deciding whether to affirm on an alternative ground, we consider

- whether the ground was fully briefed here and in district court,
- whether the parties have had a fair opportunity to develop the factual record, and
- whether our decision would involve only questions of law.

*Harvey v. United States*, 685 F.3d 939, 950 n.5 (10th Cir. 2012).

These factors support consideration of qualified immunity as an alternative ground to affirm. The parties briefed the issue in district court and on appeal, and the factual record is complete because the only pertinent facts are those pleaded in the complaint. *Truman v. Orem City*, 1

3

F.4th 1227, 1235 (10th Cir. 2021). Because we confine ourselves to the allegations in the complaint, consideration of qualified immunity involves a question of law. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). So we consider whether to affirm based on qualified immunity.

**II.     We affirm based on qualified immunity because Ms. Rios failed to state a claim under the Eighth Amendment.**

To overcome qualified immunity, Ms. Rios needs to show that

- the investigators had violated the Constitution and
- the constitutional right had been clearly established.

*Courtney v. Oklahoma ex rel., Dep't of Pub. Safety*, 722 F.3d 1216, 1222 (10th Cir. 2013). We consider the sufficiency of the showing based on Ms. Rio's reliance on the Eighth Amendment. This amendment applies only if prison officials recognize the seriousness of a danger to inmates, and Ms. Rios conceded in the complaint that the investigators failed to recognize the seriousness of the danger. That concession is fatal to her constitutional claim.

**A.     To state an Eighth Amendment claim, Ms. Rios needed to allege the investigators' subjective awareness of a substantial risk.**

To state an Eighth Amendment violation, an inmate must allege that prison officials acted with at least "deliberate indifference" to a substantial

risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference involves two components:

1. The risk must be objectively serious.

2. The official must be subjectively aware of the risk.

*Id.* at 837–39. Subjective awareness exists when investigators know the "facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "*draw the inference*." *Id.* at 837 (emphasis added).

### B.  We conduct de novo review, construing the pro se complaint liberally and viewing the factual allegations favorably to Ms. Rios.

We apply de novo review when considering a dismissal for failure to state a claim on the ground of qualified immunity. *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021). In applying de novo review, we credit all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Id.*

Because Ms. Rios was pro se when she drafted the complaint, we liberally construe the allegations there. *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). Despite liberal construction, even "*pro se* complainant[s] can plead [themselves] out of court by pleading facts that undermine the allegations set forth in [their] complaint[s]." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). "Allegations in a complaint are binding admissions, and admissions can of course admit the admitter to

5

the exit from the courthouse." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153–54 (7th Cir. 1995) (citations omitted).

### C. Ms. Rios alleged that the investigators had lacked subjective awareness of a substantial risk.

In the complaint, Ms. Rios claimed deliberate indifference under the Eighth Amendment. Despite this claim, she alleged under oath that the investigators had "egregiously failed in their professional responsibilities and duties when *neglecting to adequately comprehend and realize the seriousness of the situation*." Appellant's App'x at A.12, 21 (emphasis added). If the investigators did not "comprehend and realize the seriousness of the situation," as alleged, they would not have recognized a substantial risk to Ms. Rios. *Id.* at A.12. And without recognition of that risk, the investigators could not have been deliberately indifferent. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). At most, they would have been negligent.

Ms. Rios argues that her legal theory is not based on negligence, pointing to her allegations that the investigators

- conspired to omit relevant facts when making a recommendation and
- intentionally failed to conduct a proper investigation.

Appellant's Reply Br. at 31. But these allegations are consistent with Ms. Rios's concession that the investigators failed to realize the seriousness of the risk. That concession would prevent deliberate indifference irrespective

6

of possible omissions in the recommendation or shortcomings in the investigation.

Ms. Rios also argues that she adequately alleged the investigators' subjective awareness, pointing to her allegations elsewhere that she had informed the investigators of her

- identity as a transgender person,
- history of sexual assaults by other inmates, and
- request to stay in protective custody.

Appellant's Reply Br. at 28–29; Oral Argument at 15:35–16:10. We credit these allegations. But these allegations reflect only the investigators' knowledge of facts that could imply a risk, not the investigators' actual recognition of the risk. The investigators wouldn't have incurred liability if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

Ms. Rios asks us to liberally construe her language because she was pro se when she sued. But Ms. Rios does not say how we can reconcile the standard for deliberate indifference with her express allegation that the investigators had failed to "comprehend and realize the seriousness of the situation." Appellant's App'x at A.12. The failure to recognize the risk could imply negligence, but not deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). Because Ms. Rios denied under oath

7

that the investigators had realized the seriousness of the situation, she pleaded herself out of an Eighth Amendment claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (concluding that a pro se complainant's own allegations in the complaint had "fatally undermined" his theory of deliberate indifference).[2]

Ms. Rios also argues that she should be allowed to amend the complaint in order to "clear up any potentially confusing language." Appellant's Reply Br. at 29; Oral Argument at 16:10–16:25. But she didn't ask the district court for leave to amend. Nor does she point to any "confusing language" in the complaint or say how she would clear up the purported confusion.

\* \* \*

Because Ms. Rios alleged that the investigators were not subjectively aware of a substantial risk, she did not plausibly allege a basis of deliberate indifference.[3] Without a plausible allegation of deliberate

---

[2]   Ms. Rios argues that under a liberal construction, she need not use any "magic words" to state a deliberate indifference claim. Appellant's Reply Br. at 28. But we are not faulting Ms. Rios for omitting particular language. To the contrary, we're relying on Ms. Rios's own characterization of the investigators' failure to comprehend or realize the seriousness of the situation.

[3]   The investigators also argue that they are not liable because they "respond[ed] reasonably" to the risk. Appellees' Resp. Br. at 65 (citing *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)). We need not address this argument.

indifference, the investigators are entitled to qualified immunity.[4] The district court thus properly dismissed the action.

Affirmed.

                                      Entered for the Court

                                      Robert E. Bacharach
                                      Circuit Judge

---

[4] Because the investigators enjoy qualified immunity based on the absence of a constitutional violation, we need not decide whether the underlying right was clearly established. *See* p. 4, above.

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | |
|---|---|
| Christopher M. Wolpert<br>Clerk of Court | Jane K. Castro<br>Chief Deputy Clerk |

March 22, 2022

Ms. Elizabeth Bixby
Roderick & Solange MacArthur Justice Center
501 H Street NE, Suite 275
Washington, DC 20002

Mr. Devi Rao
Roderick & Solange MacArthur Justice Center
501 H Street NE, Suite 275
Suite 275
Washington, DC 20002

Luis A. Rios Jr.
FCI - Beckley
P.O. Box 350
Beaver, WV 25813
#68647-018

> **RE:**   21-1060, Rios v. Redding, et al
>         Dist/Ag docket: 1:20-CV-01775-MEH

Dear Counsel and Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc: Alexander Chen
Alexa Gervasi
Nicole Brianne Godfrey
Matthew Goldkind
Marissa Rose Miller
Susan Begesse Prose
Aurora L. Randolph
Laura Rovner
Richard Saenz
Jaba Tsitsuashvili

CMW/lg